UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EUGENE LIN AND DAVID MASHBURN, <br><br> PLAINTIFFS <br><br> v. <br><br> GIDDY HOLDINGS, INC. AND BRETT JACOBSON, INDIVIDUALLY, <br><br> DEFENDANTS | § § § § § § § § § § § § § § § | CA NO. 1:25-cv-893 <br><br><br> JURY TRIAL REQUESTED |

PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Eugene Lin and David Mashburn bring this lawsuit against Defendants Giddy Holdings, Inc. and Brett Jacobson, Individually ("Defendants") and in support thereof would show unto this Honorable Court as follows:

### I.      PRELIMINARY STATEMENT

1.1     This is an action for failure to pay overtime compensation and failure to pay minimum wages brought under the Fair Labor Standards Act ("FLSA").  This is also an action for common law breach of contract, and, in the alternative, quantum meruit, unjust enrichment, and money had and received under Texas law.  While Lin and Mashburn were originally paid their agreed-upon salary at the outset of their employment, for a three-month period, both Lin and Mashburn worked for Defendants without receiving any compensation.  Defendants were fully aware of this fact, and Defendant Jacobson personally promised Plaintiffs on numerous occasions, both verbally and in writing, that Plaintiffs would eventually be paid for this work.   These promises turned out to be false, and after months of waiting for Defendants to fulfill their obligations, this suit resulted.

1.2     Plaintiffs bring this lawsuit to recover unpaid overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3     Plaintiffs also bring this lawsuit to recover unpaid minimum wage compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq* and the Texas Labor Code.

1.4     Finally, both Plaintiffs bring this suit based on common law claims for breach of contract and unjust enrichment.   Plaintiffs seek attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest based upon these common law claims.

1.5     Plaintiffs hereby request a trial by jury.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §  201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant Giddy Holdings, Inc. because this entity conducts business in Texas and has entered into relationships with Plaintiffs in Texas and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in this Judicial District as a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiffs**

3.1     Plaintiffs Eugene Lin and David Mashburn are individuals residing in this Judicial District.

**B.     Defendants**

3.2     Defendant Giddy Holdings, Inc. ("Giddy") is a corporation that maintains and operates its principal office in this Judicial District.

3.3     Giddy was an employer of the Plaintiffs as defined by 29 U.S.C. §203(d).

3.4     Giddy can be served with process by serving its registered agent for service of process, Brett Jacobson, at 1702 Kenwood Ave., Austin, Texas 78704, or wherever else he may be found.

3.5     Defendant Brett Jacobson ("Jacobson") is an individual who resides in Texas.

3.6     Jacobson was an employer of the Plaintiffs as defined by 29 U.S.C. §203(d).

3.7     Jacobson may be served with process at 1702 Kenwood Ave., Austin, Texas 78704, or wherever else he may be found.

3.8     As the president of Defendant Giddy Holdings, Inc., Brett Jacobson independently exercised control over the work performed by Plaintiffs.

3.9     Brett Jacobson is responsible for running the day-to-day operations of Giddy Holdings, Inc.

3.10    Brett Jacobson, acting directly in the interest of Giddy Holdings, Inc., determined the wages to be paid to Plaintiffs.

3.11    Brett Jacobson, acting directly in the interest of Giddy Holdings, Inc., determined the work to be performed by Plaintiffs and monitored and directed Plaintiffs' work on a regular basis.

3.12    Brett Jacobson, acting directly in the interest of Giddy Holdings, Inc., determined Plaintiffs' conditions of employment.

3.13    Brett Jacobson, acting directly in the interest of Giddy Holdings, Inc., possessed and, in fact, exercised the power to hire, fire and discipline Plaintiffs.

3.14    Brett Jacobson, acting directly in the interest of Giddy Holdings, Inc., had the authority to supervise and control the employment relationships and work schedules of Plaintiffs.

3.15    Brett Jacobson, acting directly in the interest of Giddy Holdings, Inc., had the authority (and exercised that authority) to decide whether Plaintiffs received their promised pay.

3.16    Brett Jacobson, acting directly in the interest of Giddy Holdings, Inc., maintained employment records on Plaintiffs.

## IV.    FLSA COVERAGE

4.1    For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action and continuing thereafter.

4.2    At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

4.3    At all relevant times, Defendants employed "employees," including Plaintiffs, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4    At all relevant times, Defendants employed two or more persons in interstate commerce.

4.5    At all relevant times, Giddy has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.6    At all times hereinafter mentioned, Giddy Holdings, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Giddy is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which is separately stated).

4.7     At all times hereinafter mentioned, each Plaintiff was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and who Giddy at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g). Plaintiffs handled items such as computers and telephones as well as other equipment that has been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

4.8     At all relevant times, Plaintiffs were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.9     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendant Giddy Holdings, Inc. is a self-described sexual health and wellness company primarily focused on developing and marketing devices, particularly for erectile dysfunction ("ED"). Giddy claims to be known for its product "Eddie by Giddy," an FDA-registered Class II medical device that ostensibly helps with ED.

5.2     Defendants employed Plaintiffs as salaried marketing employees. While they were originally paid their agreed-upon salaries at the outset of their employment, for a three-month period, from approximately May 27, 2024, through August 23, 2024, Plaintiffs worked for Defendants without receiving any compensation at all.

5.3     Defendants were fully aware that Plaintiffs were working full time without compensation, and Jacobson personally promised Plaintiffs on numerous occasions, both verbally and in writing, that Defendants would eventually pay Plaintiffs for their work.

5.4     For example, Jacobson would tell Plaintiffs that new funding sufficient to cover their unpaid compensation was either on the horizon or had just come through, only to explain that at the last minute, there had been some sort of hiccup or unexpected issue that was going to either delay or prevent payment.

5.5     Jacobson would then promise Plaintiffs that another funding event was on the verge of occurring, only to have yet another last-minute issue derail or delay it. Defendants never did seem to get the funding that seemed just within their reach, but Jacobson assured Plaintiffs that they just needed to be patient, trust him and that they would ultimately be made whole.

5.6     Such promises turned out to be false.

5.7     For three months, Plaintiffs worked for Defendants without any compensation whatsoever.

5.8     During this period of time, Plaintiffs regularly worked in excess of forty hours per week.

5.9     Although Plaintiffs regularly worked more than forty hours per week, Plaintiffs were not compensated for any of the hours they worked during this period, whether above or below 40 hours per week.

## VI.    CAUSES OF ACTION:

### A. Failure to Pay Overtime Wages Under the FLSA

6.1     Each and every allegation contained in paragraphs 1 through 5.9 is re-alleged as if fully set forth herein.

6.2     Because they were not paid a salary (or anything at all) for a three-month period of time, if Plaintiffs worked over forty hours in a workweek, they were entitled to overtime pay for these

hours.

6.3     Over the course of this three-month period, Plaintiffs routinely worked in excess of forty hours per week.

6.4     Even though Plaintiffs worked in excess of forty hours per week, Defendants failed to pay Plaintiffs overtime premiums for any hours worked in excess of forty per week.

6.5     No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiffs overtime premiums for hours worked over forty in a workweek.

6.6     Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiffs overtime compensation for all hours worked over forty per workweek.

### B.  Failure to Pay Minimum Wage Under the FLSA

6.7     Each and every allegation contained in paragraphs 1 through 6.6 is re-alleged as if fully set forth herein.

6.8     Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiffs minimum wage for all hours worked during the three-month period at issue in this matter.

6.9     No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiffs minimum wage for all hours worked during their employment.

6.10    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiffs.

6.11    Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime and minimum wage compensation.  Plaintiffs are entitled to liquidated damages for such conduct.

6.12    Plaintiffs seek all unpaid overtime compensation and all unpaid minimum wage

compensation they are owed, and additional equal amounts as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### Breach of Contract Under Texas Common Law

6.13   Each and every allegation contained in paragraphs 1 through 6.12 is re-alleged as if fully set forth herein.

6.14   Plaintiffs are entitled to recover damages for Defendants' failure to pay Plaintiffs for all hours worked at their promised pay rates under Texas common law for breach of contract.

6.15    During the course of their employment, Plaintiffs and Defendants entered into a valid and enforceable verbal and/or written contract regarding Defendants' payment of their wages in exchange for Plaintiffs' services.

6.16   Pursuant to this contract, Defendants were obligated to pay Plaintiffs the full amount of their agreed-upon compensation every pay period.

6.17   Plaintiffs have fully performed all their contractual obligations.

6.18   Defendants breached this contract by failing to pay Plaintiffs all compensation they were owed under the above-referenced contract.

6.19   Defendants' breach caused injury to Plaintiffs, which resulted in damages.

6.20   Plaintiffs made presentment to Defendants as per Texas Civil Practice and Remedies Code, § 38.002 on May 16, 2025.  Plaintiffs have suffered damages from Defendants' refusal to pay the monies owed to Plaintiffs.  Defendants are further liable for Plaintiffs' reasonable attorney's fees as provided for under Chapter 38 of the Texas Civil Practice & Remedies Code, plus costs, litigation expenses, and pre- and post-judgment interest at the highest rate allowed by law.

**Quantum Meruit under Texas Common Law**

6.21   Each and every allegation contained in contained in paragraphs 1 through 6.20 is re-alleged as if fully set forth herein.

6.22   In the alternative to Plaintiffs' claim for breach of contract, Plaintiffs seek recovery under the equitable theory of quantum meruit.

6.23   Plaintiffs, in providing their marketing services on behalf of Defendants, provided valuable services to Defendants, which were accepted by Defendants under circumstances that reasonably notified Defendants that Plaintiffs expected to be paid. Defendants have been unjustly enriched by their acceptance, use, and enjoyment of Plaintiffs' services without compensation.

6.24   Plaintiffs, by their claim of quantum meruit, seek to recover the reasonable value of their services to Defendants as well as reasonable attorney's fees as provided for under Chapter 38 of the Texas Civil Practice & Remedies Code, costs, litigation expenses, and pre- and post-judgment interest at the highest rate allowed by law.

**Money Had and Received and Unjust Enrichment under Texas Common Law**

6.25   Each and every allegation contained in contained in paragraphs 1 through 6.24 is re-alleged as if fully set forth herein.

6.26   In the alternative to Plaintiffs' claim for breach of contract, Plaintiffs seek recovery under the equitable theory of money had and received and the equitable theory of unjust enrichment.

6.27   Defendants have received payment for the services performed by Plaintiffs but have not paid Plaintiffs for such services, and thus Defendants hold money that in good conscience and equity belongs to Plaintiffs, and Defendants' retention of that money would result in Defendants' unjust enrichment to the detriment of Plaintiffs.

6.28   Plaintiffs, by their claim of money had and received and unjust enrichment, seek to recover

as actual damages all sums held by Defendants which in good conscience and equity belong to Plaintiffs or by which Defendants have been unjustly enriched to the detriment of Plaintiffs. Plaintiffs additionally seek to recover exemplary damages, attorney's fees, including as provided for under Chapter 38 of the Texas Civil Practice & Remedies Code, costs, litigation expenses, and pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Eugene Lin and David Mashburn respectfully pray that Defendants Giddy Holdings, Inc. and Brett Jacobson, Individually, be cited to appear and that, upon trial of this matter, Plaintiffs recover the following against Defendants Giddy Holdings, Inc. and Brett Jacobson, jointly and severally:

a. Actual damages for the full amount of Plaintiffs' unpaid overtime and minimum wage compensation under the FLSA;

b. Liquidated damages in an amount equal to Plaintiffs' unpaid overtime and unpaid minimum wage compensation under the FLSA;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA and by Chapter 38 of the Texas Civil Practice and Remedies Code;

d. Unpaid wages for non-overtime hours at Plaintiffs' regular rate of pay under their contracts (express or implied) or under any applicable statute, and, in the alternative, compensation for the reasonable value of Plaintiffs' services under quantum meruit, money had and received and/or unjust enrichment;

e. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

f. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

WELMAKER LAW, PLLC


<u>/s/  Douglas B. Welmaker</u>
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFFS**